IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



WILLIAM T. ROBINSON,

    Plaintiff,

v.                                                                             Civil Action No. **3:09CV246**

**ROBERT L. EARLY**, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, filed this action under 42 U.S.C. § 1983. The matter is before the Court for Plaintiff's failure to comply with the Court's prior directions regarding submitting a new complaint.

## I. Procedural History

Plaintiff's original complaint sprawled over 150 pages, named 39 individuals and entities as defendants, and contained scores of claims in various stages of legal development. By Memorandum Opinion and Order entered on March 26, 2009, the Court found that Plaintiff's complaint did not comport with Federal Rules of Civil Procedure 18(a) and 20(a)(2) pertaining to the proper joinder of defendants and claims. *Robinson v. Johnson*, 3:07cv00449, 2009 WL 874530, at *2 (E.D. Va. Mar. 26, 2009). Therefore, the Court severed all of Plaintiff's claims except for his claims against the first named defendant, Gene Johnson. *Id.* The Court informed Plaintiff that his severed claims would proceed as separate actions and that he must file new complaints for his severed claims. The Court informed Plaintiff that, "[t]he new complaint(s) must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff also must state what civil rights he believes

each defendant violated and *explicitly state how said defendant's actions violated each constitutional right.*" *Id.* (emphasis added). The Court further warned Plaintiff that the failure to submit a new proper complaint for any defendant or any claim would result in the dismissal of that claim or defendant. Thereafter, Plaintiff submitted the present complaint (hereinafter "the new complaint") and the Court processed his request to proceed *in forma pauperis*.

## II. Consequences of Plaintiff's failure to comply with the Court's directions and the appropriate Federal Rules of Civil Procedure

The new complaint is seventeen pages long, names ten individuals and entities as defendants, and contains three causes of action, each of which contains numerous partially developed claims for relief. "Principles requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "Even *pro se* plaintiffs must recognize Rule 8's vision for 'a system of *simplified pleadings* that give notice of the general claim asserted, allow for the preparation of a basic defense, *narrow the issues* to be litigated, and provide a means for quick dispositions of sham claims.'" *Sewraz v. Guice*, No. 3:08cv00035, 2008 WL 3926443, at *1 (E.D. Va. Aug. 26, 2008) (*quoting Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)). As explained below, despite the Court's prior admonitions, the new complaint fails to comport both with the Federal Rules of Civil Procedure regarding joinder and the Court's prior directions to adequately specify how each particular defendant's actions allegedly violated his rights.

The First Cause of Action pertains to an incident on July 19, 2005, when Plaintiff, who is diabetic, was denied a meal. Plaintiff names the following individuals and entities with respect to slew of claims spawned by those facts: Robert L. Early, Jr.; Hilliard Randolph Powell; James

F. Hite; Sammy J. Rice; the City of Emporia; the County of Brunswick; and the Commonwealth of Virginia.

The Second Cause of Action involves alleged retaliatory action taken against Plaintiff for filing grievances about the incident of July 19, 2005. Plaintiff names Defendants Early, Powell, the City of Emporia, and the County of Brunswick in conjunction with this cause of action.

The Third Cause of Action concerns Plaintiff's denial of a prison job in July of 2006. Plaintiff names Paul Dianis, John Ausbon, the City of Emporia, and the County of Brunswick as defendants with respect to claims arising from these facts.

Plaintiff generally has not complied with the Court's directive to provide a concise explanation for each claim, for each defendant, as to why Plaintiff believes that defendant violated his rights. *Robinson*, 2009 WL 874530, at *2. Instead, for each of his causes of action, Plaintiff provides a narrative of events and then simply lists a series of statutes and constitutional provisions, often without providing a coherent statement as to why a particular defendant is liable.

Furthermore, contrary to the Court's prior directions, Plaintiff did not limit his new complaint to a single defendant or to a group of defendants whose liability arises from the "same transaction, occurrence, or series of transactions or occurrences" and whose liability shares a common question of law or fact." Fed. R. Civ. P. 20(a)(2). Rather, the complaint attempts to join unrelated defendants and unrelated claims. The disparate events in the Third Cause of Action do not satisfy the requirements for joinder as they arise out of separate transactions and occurrences and are not joined by a common question of law and fact. Because the events in Plaintiff's Third Cause of Action are not properly joined with the remaining causes of actions, all

3

claims within Plaintiff's Third Cause of Action will be DISMISSED WITHOUT PREJUDICE.[1] *See Jackson v. Olsen*, No. 3:09cv00043, 2010 WL 724023, at *8 (E.D. Va. Mar. 1, 2010) (explaining that plaintiff's repeated failure to comply with the rules regarding joinder and stating his claims empowers the Court "to employ a wide range remedial action in order to conserve scarce judicial resources"). Plaintiff is free to pursue these claims in a new action or multiple new actions.

In his First and Second Causes of Action, Plaintiff explains that the City of Emporia and Brunswick County are liable because they failed to pursue criminal proceedings against Defendants Early, Rice, Hite, or Powell. Such claims against the City of Emporia and the County of Brunswick lack legal merit. It is well established that "'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 767 n.13 (2005) (*quoting Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). In light of Plaintiff's general failure to explain why he believes each particular defendant is liable for any action, and the legal inadequacy of his articulated claims against the City of Emporia and Brunswick County, all of Plaintiff's claims against the City of Emporia and Brunswick County will be DISMISSED WITHOUT PREJUDICE. Furthermore, with respect to the remaining defendants, Plaintiff only has complied with the Court's directives and Rule 8(a) for his claims under the Americans with Disabilities Act, the Rehabilitation Act, the Eighth Amendment, and the Due Process Clause of the Fourteenth Amendment. All other claims hinted at in the First and Second Causes of Action will be DISMISSED WITHOUT

---

[1] Contrary to the view expressed in the Court's prior opinion, dismissal without prejudice, rather than severance appears to be the appropriate remedy. *See Jackson v. Olsen*, No. 3:09cv00043, 2010 WL 724023, at *8 n.7 (E.D. Va. Mar. 1, 2010).

PREJUDICE. Defendants Early, Rice, Hite, Powell, and the Commonwealth of Virginia will be SERVED with the new complaint and directed to respond to the remaining claims.

An appropriate Order shall issue.

Date: JUL 2 3 2010
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge

5